UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID P., II o/b/o C.A.P.,

                Plaintiff,

v.                                                     1:20-CV-1044
                                                            (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      MARY ELLEN GILL, ESQ.
  Counsel for Plaintiff                                 KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                  KATHRYN POLLACK, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   MICHAEL CORONA, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 15.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.**      **RELEVANT BACKGROUND**

### A. Factual Background

Claimant was born in 2006. (T. 71.) He was a school-age child at the time of application and a school-age child at the date of the hearing. (T. 18.) Generally, Claimant's alleged disability consists of attention deficit disorder ("ADD"), and "mental conditions." (T. 71.) His alleged disability onset date is November 26, 2012. (*Id*.)

### B. Procedural History

On September 1, 2015, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on behalf of Claimant, a minor. (T. 80.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On June 1, 2018, Plaintiff and Claimant appeared before the ALJ, David Begley. (T. 32-70.) On August 10, 2018, ALJ Begley issued a written decision finding Claimant not disabled under the Social Security Act. (T. 12-31.) On June 8, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law. (T. 18-27.) First, the ALJ found Claimant was a school-aged child on the date of application and at the date of the hearing. (T. 18.) Second, the ALJ found Claimant had not engaged in substantial gainful activity since the application date. (*Id*.) Third, the ALJ found Claimant had the severe impairments of ADD and oppositional defiant disorder ("ODD"). (*Id*.) Fourth, the ALJ found Claimant did not have an impairment that meets or medically equals one of the Listings. (*Id*.) Fifth, the

ALJ found Claimant did not have an impairment or combination of impairments that functionally equaled an impairment set forth in the Listings.  (T. 18-26.)  Sixth, and finally, the ALJ concluded Claimant had not been disabled, as defined by the Social Security Act, since September 1, 2015, the date his application was filed.  (T. 26.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes one argument in support of his motion for judgment on the pleadings.  Plaintiff argues the ALJ failed to fully develop the record.  (Dkt. No. 12 at 11-14.)  Plaintiff filed a reply in which he deemed no reply necessary.  (Dkt. No. 14.)

### B.     Defendant's Arguments

In response, Defendant makes one argument.  Defendant argues Claimant was not disabled under the Act because his impairments did not functionally equal a listed impairment.  (Dkt. No. 13 at 15-25.)

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be

deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i).  The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act.  See 20 C.F.R. § 416.924.

At step one, the ALJ determines whether the child is engaged in substantial gainful work activity.  20 C.F.R. § 416.924(b).  If so, the child is not disabled.  Id.  If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe."  Id. § 416.924(c).  If the child does not have a severe impairment(s), he or she is not disabled.  Id.  If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). Id. § 416.924(d).  In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being.  Id. § 416.926a(b)(1)(i)-(vi).  To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain.  Id. § 416.926a(a).  A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to

independently initiate, sustain, or complete activities.  *Id.* § 416.926a(e)(2).  A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities.  *Id.* § 416.926a(e)(3).

If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled.  20 C.F.R. § 416.924(d).

### III.     Analysis

Plaintiff argues the ALJ's decision is not supported by substantial evidence without support from notes of Claimant's substantial mental health treatment at Monsignor Carr Institute ("MCI").  (Dkt. No. 12 at 11.)  For the reasons outlined below, the ALJ fulfilled his duty to develop the record.

Here, the ALJ fulfilled his duty to develop the administrative record.  *See Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir.1996) ("[T]he ALJ [must] affirmatively develop the record ... even when, as here, the claimant is represented by counsel." (quotations and citations omitted)).  To discharge the duty, the ALJ will develop a complete medical history "for at least the 12 months preceding the month in which [Plaintiff] file[s] [his] application."  20 C.F.R. §§ 404.1512(d), 416.912(d)[1].  An ALJ will "make every reasonable effort to help [the plaintiff] get medical reports from [his] own medical sources."  *Id*.  Every reasonable effort is defined in the regulations as "an initial request

---

[1]     Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs").  Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

6

for evidence from [the] medical source and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, [the ALJ] will make one followup request to obtain the medical evidence necessary to make a determination." *Id*. § 416.912(d)(1).  In April 2015 the Administration contacted MCI and requested records from January 1, 2015 through "present."  (T. 259.)  MCI responded they had no records of treatment.  (T. 259.)

At the time of Claimant's hearing, the record contained treatment notations from MCI.  (T. 285-306.)  The record consisted of a "Progress Note Summary" indicating Claimant received treatment at MCI between April 5, 2016, and March 2, 2018.  (T. 291-298.)  The record contained an "Initial Psychiatric Evaluation" dated April 22, 2016 (T. 299-302), an "Individualized Action Plan Review" dated February 1, 2018 (T. 285-290), and a progress note dated February 13, 2018 (T. 303-306).

On May 15, 2018, Claimant's counsel informed the ALJ that on May 9, 2018, he requested record from MCI from February 1, 2018, through "present" and such records were still outstanding.  (T. 224.)  At the June 2018 hearing, Claimant's counsel indicated MCI records had been submitted "up through May 8th of this year," but other records were outstanding.  (T. 35-36.)  Indeed, on May 21, 2018, counsel submitted records from MCI for treatment dated April 22, 2016, through May 8, 2018.  (T. 325-335.)  The ALJ indicated he would hold the record open for two weeks.  (T. 36.)  Claimant testified he spoke to a counselor at MCI "about once a month."  (T. 44-45.)

The additional records submitted by counsel contained a "Progress Note Summary" for Claimant indicating he received treatment between October 3, 2017, and May 8, 2018.  (T. 326-327.)  However, the record only contains treatment session

7

notations dated April 10, 2018, and May 8, 2018.  (T. 329, 331.)  Plaintiff asserts the ALJ failed in his duty to develop "when these records came in and were obviously incomplete [and] he took no steps to remedy the gap in the record."  (Dkt. No. 12 at 12.)

To be sure, the ALJ has a duty to develop the record; however, Plaintiff has an ongoing duty to disclose "any additional related evidence about which [Plaintiff] become[s] aware."  20 C.F.R. § 416.1512.  Plaintiff's duty "applies at each level of the administrative review process, including the Appeals Council level if the evidence relates to the period on or before the date of the administrative law judge hearing decision."  *Id*.

In general, the ALJ's duty to develop the record does not relieve counsel of his duty to provide competent representation.  *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011).  Representatives have an affirmative duty "to help obtain the information or evidence that the claimant must submit under [the] regulations and forward the information or evidence [to the Commissioner] for consideration as soon as practicable."  20 C.F.R. § 416.1540(b)(1); *see Bushey v. Colvin*, 607 F. App'x 114, 115 (2d Cir. 2015) (ALJ's "obligation [to develop the record] is lessened where, as here, the claimant is represented by counsel who makes insufficient efforts to incorporate earlier records"); *see Rivera v. Berryhill*, No. 3:18-CV-143, 2019 WL 1292490, at *4 (D. Conn. Mar. 21, 2019) (ALJ was not required to further develop the record where plaintiff was represented and had "enough time to procure and present the missing [evidence] to the ALJ before, at, or after the administrative hearing); *see Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987) ("This allocation of burdens of proof is well within the Secretary's 'exceptionally broad authority' under the statute.... It is not unreasonable to require the

claimant, who is in a better position to provide information about his medical condition, to do so.") (citation omitted).

Although Plaintiff asserts the records he obtained from MCI were "obviously" incomplete, Plaintiff did not disclose this information at the hearing. Indeed, Plaintiff informed the ALJ the records from MCI were submitted and "up through May 8th." (T. 35.) The ALJ held the record open for counsel to submit addition records, during which time counsel did not request additional time or assistance from the ALJ in obtaining records. Further, Plaintiff did not submit additional records to the AC or this Court. Because counsel did not provide any further comment or request additional assistance from the ALJ "it can be presumed that [Plaintiff] felt the records were complete." *Babcock v. Comm'r of Soc. Sec.*, No. 17-CV-6484, 2019 WL 1649347, at *6 (W.D.N.Y. Apr. 17, 2019); *Myers ex rel. C.N. v. Astrue*, 993 F. Supp. 2d 156, 163 (N.D.N.Y. 2012) ("Plaintiff cannot simply identify arguable gaps in the administrative record and claim that such gaps are a *per se* basis for remand [where as here] Plaintiff, through counsel, requested and received additional time to obtain the evidence in question and then failed to produce it without asking for more time or for issuance of a subpoena [and] Plaintiff's counsel submitted additional evidence following the hearing [. . .] which could have led the ALJ reasonably to conclude that no further records were available or forthcoming."); *compare Calhoun v. Comm'r of Soc. Sec.*, No. 18-CV-6070, 2019 WL 1949743, at *4 (W.D.N.Y. May 2, 2019) (ALJ failed to develop record of *pro se* plaintiff where treatment records did not contain notations from plaintiff's surgery and had the ALJ "carefully reviewed the documents" he would have realized surgery notations were missing) *with Merritt v. Colvin*, 142 F. Supp. 3d 266, 271 (N.D.N.Y. 2015) (the ALJ

"need not canvas every medical provider while the [plaintiff represented by counsel] offers little or no guidance as to whether the medical records are relevant").

As further outlined by Defendant, it is also unreasonable for Plaintiff's argument to suggest that Claimant attended 51 treatment sessions solely based on a progress note summary provided by MCI. (Dkt. No. 13 at 22.) While the document provided by MCI identifies 51 dates of service, 22 of those entries indicated they were unbilled and documented a session length of 0 minutes. (T. 291-298.) It appears that this document in fact represents a log of which provider updated Claimant's electronic health record and when those changes were saved. (*See* T. 291-298 (indicating the provider signing the record and the date and time the record was locked).) Plaintiff's argument speculates that the log is indicative of yet additional records, yet it fails to explain the basis for this assumption made for the first time in argument on appeal.

By contrast, as discussed above, Plaintiff through counsel obtained and submitted records from MCI to the ALJ, without any signal that anything additional was missing. Thus, there are no "obvious gaps in the record" that necessitated further development of the record especially in light of Plaintiff's counsel's affirmation that the records were already received. *See Rosa*, 168 F.3d at 79 n.5. As stated by Defendant, even assuming that some of Claimant's progress notes were missing from the record, the initial psychiatric evaluation coupled with the revised Individual Action Plans, incorporating Claimant's progress on an ongoing basis provided the ALJ an adequate overview of Claimant's treatment and largely normal functioning during the period at issue. (*See* T. 285-306, 325-335.)

Overall, the ALJ fulfilled his duty to develop the record.  The ALJ requested and received evidence from MCI, Claimant through counsel submitted additional evidence, Claimant's counsel did not seek additional time or assistance after evidence was submitted and counsel did not submit additional evidence to the AC or this Court.  Therefore, the ALJ fulfilled his duty to develop the record.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:      April 18, 2022

*Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge